IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---------------------------------------------------------    :
                                                             :
                                                             :  CASE NO. 1:13 CV 0343
MICHAEL SPIGNER,                                             :
                              Petitioner                     :
                                                             :
              -vs-                                           :  <u>MEMORANDUM AND ORDER</u>
                                                             :
                                                             :
                                                             :
SARA M. REVELL, WARDEN,                                      :
                                                             
                              Respondent.
---------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

     Before the Court is a petition for the writ of habeas corpus filed by <u>pro se</u> petitioner Michael Spigner (hereinafter "petitioner") pursuant to 28 U.S.C. § 2241. The petition was originally filed in the United States District Court for the Eastern District of North Carolina. <u>See</u> <u>Spigner v. Revell</u>, No. 5:12-HC-2190 (E.D. NC filed 13 Aug. 2012). At that time, petitioner was incarcerated at the Federal Medical Center in Butner, North Carolina. On 28 January 2013, he moved to transfer the action to the Northern District of Ohio as the court that imposed the sentence he was challenging. Judge Louise W. Flanagan granted the motion on 15 February 2013 and the case was subsequently transferred to this Court.

Petitioner claims he is actually innocent and seeks an order immediately releasing him from custody. For the reasons that follow, the petition is dismissed.

**Background**

On 6 February 2006, petitioner was named in an indictment filed in this Court. See United States v. Spigner, No. 1:96-cr-0040 (N.D. Ohio). The indictment charged him with conspiracy to distribute narcotics in violation of 21 U.S.C. § 846 and the distribution, sale and dispensing of narcotics in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2. Petitioner pleaded guilty to the charges and was sentenced to serve 262 months imprisonment, followed by a six-year term of supervised release.

Petitioner timely filed a direct appeal to the Sixth Circuit, which affirmed this Court's judgment and commitment on 23 February 1998. See Spigner v. United States, No. 96-4240 (6th Cir. 1998). Almost one year later, petitioner filed a Motion to Vacate, Set Aside his sentence in this Court pursuant to 28 U.S.C. § 2255. See Spigner v. United States, No. 1:99cv0197 (N.D. Ohio filed Jan., 29, 1999). The motion was denied on 18 May 1999.

In his petition before the Court, petitioner asserts it was improper to enhance his sentence based on his status as a Career Offender under United States Sentencing Guideline (U.S.S.G. or "Guidelines") § 4B1.1. Under the Guidelines, a defendant may be categorized as a career offender if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of

2

either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Petitioner argues his prior felony conviction in the Cuyahoga County Court of Common Pleas did not qualify as a "controlled substance offense," therefore it should not have been used to enhance his sentence under the Guidelines.

Petitioner claims he questioned the use of his state conviction for enhancement purposes prior to entering into his plea agreement, but "the Courts hadn't observed the matter to make any determination of its legality or validity." (Pet. at 9.) He states that the "spark of 'not qualifying' derived from" the Sixth Circuit's decision in United States v. Montanez, 442 F.3d 485 (6th Cir. 2006). The Court interprets this to mean that petitioner believed he was unable to successfully challenge the enhancement of his federal sentence based on a prior State conviction for drug trafficking and abuse in violation of Ohio Revised Code §§ 2925.02 and 2925.11 because Montanez was not decided until after he entered his guilty plea.

Petitioner maintains he is entitled to habeas relief because his sentence enhancement as a Career Offender is illegal and it would be a miscarriage of justice to allow him to serve a longer term of imprisonment for a sentence that was imposed in violation of existing case law. Petitioner argues that Montanez explicitly held that convictions under the former Ohio Revised Code § 2925.03 do not qualify as "controlled substance offenses," as that term is used in Guideline § 4B1.1; and, therefore this type of conviction cannot be used to enhance a prisoner's sentence as a Career Criminal.

Petitioner believes he can now challenge the enhancement of his federal sentence using Montanez because he is actually innocent. Citing United States v. Maybeck, 23 F.3d 888 (4th Cir. 1994), a prisoner appeal challenging a sentencing

3

enhancement in the Fourth Circuit, petitioner asserts other prisoners have successfully challenged their sentence enhancement based on a claim of actual innocence. It is on this basis that he assumes he is entitled to an order setting aside his sentence because it was improperly enhanced.

### Initial Review

This matter is before the Court for initial screening. 28 U.S.C. § 2243; Harper v. Thoms, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970), cert. denied 400 U.S. 906 (1970). Petitioner has not met his burden.

### 28 U.S.C. § 2241

Claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence must be filed in the court where they were sentenced under 28 U.S.C. § 2255. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). Only those claims seeking to challenge the execution or manner in which a sentence is served may be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991));

Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. See Bradshaw, 86 F.3d at 166.

Section 2255 does provide a safety valve, however, wherein a federal prisoner may file a § 2241 claim challenging his conviction or the imposition of his sentence if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997).  Without question, § 2255 is not considered inadequate or ineffective merely because an individual is unable to obtain relief under that provision. See e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir.1999) (per curiam).  For example, a § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally  barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C. Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate.  See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998).

To date, the Sixth Circuit has only held that a prisoner who can show that an intervening change in the law establishes his actual innocence may invoke the savings clause of § 2255 and proceed under § 2241. See Lott v. Davis, No. 03-6172, 2004 WL 1447645, at  *2 (6th Cir. 18 June 2004) (unpublished) ("it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to

5

obtain the benefit of the savings clause"); see also Martin v. Perez, 319 F.3d 799, 804 (6th Cir. 2003); United States v. Peterman, 249 F.3d 458, 462 (6th Cir. 2001) ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence").

Petitioner has not established that a §2255 remedy would be inadequate or ineffective to test the legality of his sentence. While he may be procedurally barred from raising his claim in a § 2255 motion, the case law cited above reveals that that fact, alone, does not entitle him to seek habeas relief through § 2255's safety valve provision.

Moreover, petitioner's reliance on Maybeck as support for his entitlement to raise this as an "actual innocence" claim is unavailing. Maybeck involved a prisoner's appeal from the denial of a motion to vacate that he filed pursuant to 28 U.S.C. § 2255. On direct appeal, the Fourth Circuit relied on the Supreme Court's analysis in death penalty cases where "a defendant can be innocent of the acts required to enhance a sentence in a death case," and held that the appellant could argue actual innocence of acts required to enhance his sentence in a non-capital case. Maybeck, 23 F.3d at 893. Unlike petitioner, the appellant in Maybeck was not arguing actual innocence as an attempt to seek habeas relief through §2255's safety valve.

Claims of actual innocence under the habeas statute require more than a claim of legal insufficiency. See Bousley v. United States, 523 U.S. 614, 623 (1998)("actual innocence" in this regard means factual innocence, rather than mere legal insufficiency). This means that a petitioner must challenge the underlying violation that constitutes the

6

criminal activity to which he pleaded guilty. The Sixth Circuit, along with several other courts of appeal, has held that claims alleging "actual innocence" of a sentencing enhancement cannot be raised under § 2241. See Raymer v. Barron, 82 Fed. Appx. 431, 432 (6th Cir.2003); Kinder v. Purdy, 222 F.3d 209, 212-14 (5th Cir.2000) (dismissing petition raising claim of "actual innocence" of career-offender enhancement); In re Davenport, 147 F.3d at 609-10 (holding challenge to armed-career-criminal enhancement improper under § 2241); see also Jones v. Castillo, 489 F. App'x 864, 866 (6th Cir. 2012). The burden is on the petitioner to establish his remedy under § 2255 is inadequate or ineffective. Martin, 319 F.3d at 804–05. Because petitioner has failed to satisfy his burden he is not entitled to habeas relief from this Court pursuant to 28 U.S.C. § 2241.[1]

---

[1]Petitioner's request for a transfer of his §2241 petition did not include a request that the petition be construed as §2255 motion. The Sixth Circuit has held that

> '[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.' Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.

Therefore, the Court will not construe this as a Motion to Vacate pursuant to 28 U.S.C. §2255.

**Conclusion**

For the reasons stated above, petitioner's Motion to Proceed In Forma Pauperis is **granted,** Motion for Appointment of Counsel is denied as **moot**, and the instant petition is **dismissed** pursuant to 28 U.S.C. § 2243. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

                                                                         /s/ Lesley Wells
                                                    UNITED STATES DISTRICT JUDGE

Date:  14 August 2013

---

[2]  28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."